IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYNE E. WIBLE | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-4349 |
| | : | |
| MICHAEL J. ASTRUE,[1] | : | |
| Commissioner of Social Security | : | |

### MEMORANDUM

LOWELL A. REED, Jr., Sr. J                                               AUGUST 2, 2007

Before the court for consideration is plaintiff's brief and statement of issues in support of request for review[2] (Doc. No. 8) and the response and reply thereto (Docs. No. 11; 13). The court makes the following findings and conclusions:

1.      On February 24, 2004, Wayne E. Wible ("Wible") protectively filed for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f, alleging an onset date of June 28, 1998.[3] (Tr. 42-44; 57-60). Throughout the administrative process, including an administrative hearing held on June 24, 2005 before an administrative law judge ("ALJ"), Wible's claims were denied. (Tr. 7-9; 15-17; 27; 29-33). Pursuant to 42 U.S.C. § 405(g), Wible filed his complaint in this court on October 4, 2006.

2.      In her decision, the ALJ concluded that Wible had a severe impairment consisting of a cervical herniation. (Tr. 19 ¶ 4; 23 Finding 6).[4] Ultimately, the ALJ concluded that Wible's impairment did not meet or equal a listing, that he had the residual functional capacity ("RFC") to perform a limited range of light work, and that he was not disabled. (Tr. 19 ¶ 5; 22 ¶¶ 1, 4-5; 23 Findings 6, 8; 24 Finding 14).

3.      The Court has plenary review of legal issues, but reviews the ALJ's factual

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d)(1), Michael J. Astrue has been substituted for former Commissioner Jo Anne Barnhart as the defendant in this lawsuit.

[2] Plaintiff filed a motion for summary judgment with his brief and statement of issues in support of request for review, which the court will construe as only the brief pursuant to the procedural order. (Doc. No. 5).

[3] Wible previously applied for SSI on August 30, 2002, however, after his application was denied on February 26, 2003, Wible asked that his request for a hearing be withdrawn because of his concurrent incarceration. (Tr. 60; 300-02; 304; 305-08). Thus, the period for consideration for Wible's DIB claim commences on February 27, 2003. I note that Wible's date last insured was March 31, 2003. (Tr. 18).

[4] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

       4.    Wible raises five arguments in which he alleges that the determinations by the ALJ were either not supported by substantial evidence or were legally erroneous. These arguments are addressed below. However, upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.

       A.    First, Wible alleges that the ALJ failed to properly assess his credibility regarding his pain and ability to function. "Credibility determinations are the province of the ALJ and only should be disturbed on review if not supported by substantial evidence." Pysher v. Apfel, No. 00-1309, 2001 WL 793305, at *3 (E.D. Pa. July 11, 2001) (citing Van Horn v. Schweiker, 717 F.2d 871, 973 (3d Cir. 1983)). Moreover, such determinations are entitled to deference. S.H. v. State-Operated Sch. Dist. of the City of Newark, 336 F.3d 260, 271 (3d Cir. 2003). The ALJ must decide to what extent the symptoms actually limit the claimant's ability to work. See Id. The ALJ is also required to determine the extent to which a claimant is accurately stating the degree of pain or the extent to which he or she is disabled by it. Hartranft, 181 F.3d at 362 (citing 20 C.F.R. § 404.1529(c)). In evaluating Wible's subjective complaints, the ALJ noted that she did so pursuant to the criteria provided in 20 C.F.R. §§ 404.1529, 416.929, and in doing so, the ALJ noted that Wible's treating doctor stated Wible's pain was okay with the medication, a neurological exam at the hospital in 2004 was normal with no motor or sensory deficits, Wible was able to care for his three nephews for four months with some assistance from family members, and despite his complaints, Wible had not sought any treatment other than refills of his pain relievers since his surgeries in 1999 and 2000.[5] (Tr. 19 ¶ 7; 20 ¶ 4; 21 ¶¶ 3, 5, 7; 69; 103; 195-99; 267; 378-79). Thus, contrary to Wible's assertion, the ALJ did point to contrary medical evidence in discounting his credibility. In light of the above, I find that the ALJ's credibility determination is supported by substantial evidence.

       B.    Second, Wible maintains that the ALJ failed to discuss all of the pertinent medical evidence. Specifically, Wible contends that the ALJ failed to discuss that he was prescribed Percocet and Oxycontin, despite Wible's doctor's knowledge of his past drug history, and that the ALJ failed to address the numbness in Wible's hands and feet, diagnoses of degenerative joint disease and a left rotator cuff tear, and pain in various parts of Wible's body. "The ALJ must consider all the evidence and give some reason for discounting the evidence she rejects." Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). However, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record." Hur v. Barnhart, 94 Fed. Appx. 130, 133 (3d Cir. 2004) (citing

---

[5] I note that Wible testified that he uses a cane on occasion, however, as the ALJ noted, Wible claims to have been prescribed this cane after it was determined that his neurological exam was normal and that Wible could ambulate without assistance. (Tr. 20 ¶ 7; 199-200).

Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001). The court notes that not only did the ALJ mention that Wible was prescribed Percocet and Oxycontin, the ALJ also noted the dosing of Percocet and Oxycontin and discussed that Wible received a low dose of Oxycontin as a result of "his known drug habit." (Tr. 20 ¶¶ 1, 4; 21 ¶ 2). Additionally, the ALJ mentioned Wible's hand problems and that Wible alleged the reason he could only stand for short periods was because of the numbness in his legs. (Tr. 21 ¶¶ 2, 5). However, the ALJ discounted these assertions by Wible due to contrary medical evidence that he had normal use of his hands and legs, a normal neurological exam in 2004, and because Wible had not pursued further medical treatment. (Tr. 21 ¶¶ 7-8). As for the left rotator cuff tear, as the ALJ discussed at the hearing, although Wible thought he had a left rotator cuff tear and his treating doctor diagnosed him with a left rotator cuff tear, a subsequent MRI revealed that there was "[n]o evidence of a rotator cuff tear." (Tr. 117; 126; 138; 393; 395-96). Thus, there was no reason for an incorrect diagnosis to be discussed in the decision. Also in contrast to Wible's assertions, the ALJ specifically addressed the examining doctor's findings and explained that she gave some of the doctor's assessed limitations limited weight because she determined that substantial evidence supporting the consulting doctor's finding that the examining doctor's findings imposed "greater restrictions than the [exam] and medical evidence support." (Tr. 20 ¶ 6). As for the practically illegible one time diagnoses by the treating doctor of "DJD both knees" and "polyarth," Wible's treating doctor never mentioned these diagnoses again and never referred to them in his notes or the disability forms he filled out as a cause of limitations for Wible.[6] (Tr. 120; 122; 155; 266; 269). Since Wible's doctors did not rely on these diagnoses as bases for any limitations and the ALJ clearly considered and discussed the relevant evidence, I conclude that the ALJ did not commit error by not mentioning the possible diagnoses of left rotator cuff tear, degenerative joint disease, polyarthralgia, and osteoarthritis. Berrios-Vasquez v. Massanari, No. 00-2713, 2001 WL 868666, at *7 (E.D. Pa. May 10, 2001) (Where the ALJ failed to mention a diagnosis that the treating physician did not refer to as a basis for his conclusions regarding the claimant's limitations, even where there was empirical evidence to support the diagnosis, the ALJ did not err by failing to discuss the diagnosis.)

    C. Third, Wible asserted that his treating physician, Stephen Cowen, D.O. ("Dr. Cowen") should have been given controlling weight and the ALJ erred in crediting the opinion of a consulting physician over that of Dr. Cowen and the examining doctor, Gilbert Grossman, M.D. ("Dr. Grossman"). A treating physician is only provided controlling weight when his or her opinion is well supported by medically acceptable sources and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 416.927(d)(2). "Where, as here, the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit but 'cannot reject evidence for no reason or for the wrong reason'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Plummer, 186 F.3d at 429). The court notes that on October 20, 2003, Dr. Cowen diagnosed Wible with chronic pain syndrome secondary to cervical discogenic disease and stated that he required Percocet four times a day for pain management. (Tr. 122). Dr. Cowen noted that since December of 2004, Wible has been under his care for cervical radiculopathy, and on March 3, 2005, Wible was prescribed a limited amount of Oxycontin to take twice a day in addition to the Percocet. (Tr. 266; 272;

---

[6] Wible also alleges that his treating doctor diagnosed him with osteoarthritis, however, although the pages cited by Wible in support of his argument include what appears to be "depa" and "oa," the "oa" on one of the pages is not numbered as are the other assessment/diagnoses on the page, indicating it is not a separate diagnosis. (Tr. 152; 155; 156). As with the other alleged diagnoses, the treating doctor never again referred to osteoarthritis in his notes or on the forms he filled out regarding Wible's alleged temporary disability.

3

391-92). However, this court notes, as the ALJ did, that on April 8, 2005, Dr. Cowen stated that Wible's pain was okay on the medications, which the ALJ understood to mean Wible's condition was controlled with pain relievers. (Tr. 20 ¶ 4; 267). On March 29, 2005, Dr. Cowen filled out a welfare form for Wible in which he noted that Wible was temporarily disabled from March 29, 2005 until March 29, 2006 because of cervical radiculopathy and hypertension, however, Dr. Cowen did not check the permanently disabled box which stated the person would be a candidate for Social Security Disability or SSI. (Tr. 269). The ALJ gave the welfare form minimal probative value because a treating physician's opinion on the ultimate disability determination is not entitled to any special significance, and the ALJ determined it was not supported by the medical evidence in the record. 20 C.F.R. §§ 404.1527(e), 416.927(e); SSR 96-5p; (Tr. 20 ¶ 4). As noted by the ALJ, the doctor who examined Wible in May of 2004, noted that Wible had had a cervical fusion, but stated that Wible's neurological exam was normal, that Wible's back was normal to inspection, his extremities were non-tender with a normal range of motion, he had no motor or sensory deficits, and he ambulated without assistance. (Tr. 195; 199-200). The examining doctor, Dr. Grossman, noted that Wible had a decreased range of motion in his neck, some limitations in bending in the lumbar region, normal muscle strength in all extremities, and normal use of hands and legs, although Wible expressed some discomfort during flexion and extension. (Tr. 239-240). The ALJ agreed with the medical consultant, that a finding that Wible could only stand/walk for only an hour during the course of a workday and sit less than six hours was too restrictive given the findings from the exam and the evidence in the record. (Tr. 20 ¶ 6; 259). Since opinions by medical sources on ultimate disability determinations and other issues reserved for the Commissioner, such as a residual functional capacity, are not entitled to any special weight, and the medical evidence in the record does not support the severity of the limitations Drs. Cowen and Grossman found Wible to have, the ALJ did not err in discounting the opinions of the treating and examining doctor in favor of that of the consulting physician.

    D. Fourth, Wible argues that the ALJ failed to adequately consider his cervical impairments and chronic pain syndrome by failing to include in the hypothetical Wible's need to lie down to relieve pain, nap twice a day for an hour each time, the difficulty Wible had using his hands and feet, his need to use a cane on occasion, and his inability to work a full eight hour day. "A hypothetical question must reflect all of a claimant's impairments that are supported by the record; otherwise the question is deficient and the expert's answer to it cannot be considered substantial evidence." Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). As discussed *supra*, the ALJ discounted Wible's credibility pursuant to 20 C.F.R. §§ 404.1529, 416.929. As the ALJ discussed, none of these limitations were ever recorded as having been reported to Dr. Cowen, the medical record repeatedly reflects that Wible had normal use of his hands and feet, Wible was able to care for his three nephews for four months, albeit with some assistance from the rest of his family, and Wible never found it necessary to pursue any treatment beyond routine prescription of pain relievers from his family doctor after his surgeries in 1999 and 2000. (Tr. 21 ¶¶ 4, 8; 199; 240; 256; 383). Although it is true that all of Wible's impairments had to be included in the hypothetical question for the VE's testimony to be considered substantial evidence, as discussed above, the ALJ's decision to omit Wible's unsupported allegations from the hypothetical was supported by substantial evidence.

    E. Fifth, Wible argues that the ALJ's finding that he could do a limited range

of light work is not supported by substantial evidence because the ALJ relied on VE testimony that was inconsistent with the DOT, SSR 83-12, and the VE's explanation was not adequate.  SSR 00-4p provides that the ALJ has a duty to inquire on the record whether or not there is an inconsistency, and if there is a conflict between the DOT and the testimony of the VE, the ALJ "must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information."  2000 WL 1898704, at 2.  SSR 83-12 provides that unskilled jobs are "particularly structured so that a person cannot ordinarily sit or stand at will," however, where a sit/stand option is required, a vocational expert or specialist "should be consulted to clarify the implications for the occupational base."  1983 WL 31253, at *4.  The ALJ included in her hypothetical to the VE that the work would have to be unskilled, light with environmental restrictions and a sit/stand option. (Tr. 397-99).  Before responding to the ALJ's hypothetical, the VE clarified with the ALJ that a sit/stand option was a part of the hypothetical. (Tr. 399).  The VE then reiterated the restrictions in the hypothetical, including the sit/stand option, listed jobs the VE determined would meet these restrictions, and stated, "these would be examples consistent with the occupational classifications in the DOT." (Id).  Thus, the ALJ's decision is consistent with SSRs 00-4p and 83-12, and is not a basis for remand.  See SSRs 00-4p, 83-12; Henderson v. SSA, 87 Fed. Appx. 248, 252-253 (3d Cir. 2004) (The court found that where the ALJ "specifically consulted a VE to determine the available number of jobs in light of the fact that [the plaintiff] did not fall within a single category because of limitations on his ability to sit or stand for prolonged periods," "the ALJ followed the mandates of SSR 83-12");  Boone v. Barnhart, 353 F.3d 203, 210 (3d Cir. 2003) ("[W]e shall not interpret SSR 83-12 to mandate reversal whenever the ALJ does not set out specific findings concerning the erosion of the occupational base if, as here, the ALJ has received the assistance of a VE in considering the more precise question whether there are a significant number of jobs in the economy that the claimant can perform.");  Norman v. Barnhart, No. 04-4969, 2006 WL 891006, at *2 (E.D. Pa. April 3, 2006);  Hall v. Barnhart, No. 02-8481, 2004 WL 632723, at *4-8 (E.D. Pa. Jan. 14, 2004).

    5.  As a result of the above, Wible's claims fail and judgment will be entered in favor of defendant.

    An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYNE E. WIBLE | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-4349 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

## ORDER

AND NOW, this 2nd day of August, 2007, upon consideration of the brief in support of review filed by plaintiff and the response and reply thereto (Doc. Nos. 8, 11, and 13) and having found after careful and independent consideration that the record reveals that the Commissioner applied the correct legal standards and that the record as a whole contains substantial evidence to support the ALJ's findings of fact and conclusions of law, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED IN FAVOR OF THE DEFENDANT, AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** and the relief sought by Plaintiff is **DENIED**; and

2. The Clerk of Court is hereby directed to mark this case closed.

S/Lowell A. Reed, Jr.
LOWELL A. REED, JR., Sr. J.